ELIZA SPRATT, ET AL. *v.* BENJAMIN F. HUGART.

[Abstract Kentucky Law Reporter, Vol. 5—422.]

**Right of Husband to Reduce Wife's Choses in Action.**

> The husband has the right to reduce the chose in action of the wife to his possession and to sue thereon in his name and that of his wife, and he will own the money recovered in such an action; but when he so sues and recovers and is paid, but on appeal the judgment is reversed and he becomes liable to return the money, but is insolvent, such money can not be recovered from the wife who received none of it.

APPEAL FROM BATH CIRCUIT COURT.

November 1, 1883.

OPINION BY JUDGE PRYOR:

Mrs. Sharp was the statutory guardian of her daughter, Eliza, who married her coappellant, H. G. Spratt. After the marriage Spratt had an action instituted in his name and that of his wife against his wife's mother and her surety in the guardian's bond. The appellee, B. F. Hugart, was one of the sureties, the other being insolvent, and a judgment was rendered against him as surety for about $1,500. This judgment the appellee paid in the following manner: $200 to H. C. Spratt, the husband of Eliza, and the balance to Reid & Stone, his attorneys, who afterwards paid it, less some fees, to the husband. After the judgment had been satisfied Spratt became insolvent, and in the meantime the appellee, Hugart, prosecuted an appeal to this court from the judgment against him as surety and the judgment was reversed, the court determining that no liability existed on the part of the surety.

The appellee, Hugart, then instituted the present action against the appellants, Spratt and wife, seeking restitution of the money paid on the judgment and attaching the land of the wife as well as the land of the husband. The latter being insolvent, or the land held by him insufficient to pay the debt, the chancellor below subjected the wife's land to the payment of the debt of which she complains, and this is the real and only question necessary to be decided. The husband has not been prejudiced by the judgment and as to him

it is affirmed. There seems to be no disagreement by counsel as to the facts of the case, the appellee insisting that as the action was brought by the husband and wife to recover in right of the wife that the latter is compelled to make restitution although she received no part of the judgment. The proof is clear and satisfactory that the wife derived no benefit from the judgment and received no part of the money, and this being the case we see no reason for holding her estate responsible for the money paid to the husband. The husband had the right to reduce the chose in action of the wife to his possession and to institute an action for that purpose in his name and that of the wife against the debtor. He could have made a settlement with her guardian and the surety and received from either or both the amount due his wife without instituting an action, and his receipt would have been conclusive of her rights. If such a settlement had been made and the money paid the husband, will it be argued that if made by mistake, or improperly paid, the estate of the wife could be subjected to its repayment in the absence of proof showing that she obtained the benefit of the judgment. We think not. The mere fact, therefore, that the husband employed attorneys, who instituted an action in the name of the husband and wife by which the husband obtained the money, can make no difference. It became the money of the husband the moment he received it, and if improperly paid him there is no good reason why a court of law or equity should make the wife refund it unless she received the money or its beneficial use.

The attorneys were employed by the husband; they paid him the money, and not one cent so far as this record shows was expended for the wife. If compelled to pay money he did not owe, it was the duty or at least the right of the appellee to fully protect himself by suspending the judgment, instead of paying it to an insolvent husband. The fact that the husband collected the money of the wife to which she was not entitled will not render her liable although it may have been collected in her name, unless applied to her use. Her choses in action he has the right to collect and reduce to possession, and when he does so it is his money and not the wife's. It is said by counsel for the appellants that such a question does not arise in this case; that the wife had no chose in action and therefore none could have been reduced to possession by the husband, but on the contrary the appellants obtained the money wrongfully when in

good conscience they had no right to it. If so it but strengthens the claim of the wife to relief against a judgment by which she is made liable for money that her husband obtained in her name when she had no right whatever to it. There is some effort in this case to show the expenditure of this money or a part of it for necessaries provided and required by the wife, but we see nothing in the record authorizing an affirmance on that ground. When the case returns the parties may amend their pleadings and show if they can that the money received by the husband was used for the benefit of the wife.

The judgment subjecting the wife's land upon the facts of this record is *reversed* and cause remanded for proceedings consistent with this opinion. *Affirmed* as to H. G. Spratt.

*Reid & Stone, for appellants.*

*R. Gudgell & Son, W. H. Holt, for appellee.*